**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

**MAIN HASTINGS, LLC,**

**Plaintiff,**

**v.**

**THE BOEING COMPANY,**

**Defendant.**

**Case No.**

**JURY TRIAL DEMANDED**

**PLAINTIFF'S ORIGINAL COMPLAINT**

1. Main Hastings, LLC for its Complaint against Defendant The Boeing Company, ("Boeing"), alleges, based on its own knowledge with respect to its own actions and based upon information and belief with respect to all other actions, as follows:

**THE PARTIES**

2. Main Hastings, LLC (hereinafter "Plaintiff") is a Texas limited liability company.

3. Plaintiff, as to the false marking claim, represents the United States and the public, including Defendant's existing and future competitors.

4. On information and belief, Boeing is a Delaware corporation with its principal place of business at 100 N. Riverside Plaza, Chicago, Illinois, 60606. Boeing has appointed Corporation Service Company as its agent for service of process, located at 211 E. 7th Street, Ste. 620, Austin, Texas 78701.

5. Defendant regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

## JURISDICTION AND VENUE

6. The federal claim pleaded herein arises under 35 U.S.C. §292(b).

7. Subject matter jurisdiction for this federal claim is conferred upon this Court by 28 U.S.C. §1338(a).

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1395(a), because: (i) Defendant's products that are the subject matter of this cause of action are advertised, marked, offered for sale, and/or sold in various retail stores and/or on the Internet in this District; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this District; and (iii) Defendant is subject to personal jurisdiction in this District, as described above.

9. Plaintiff brings this action under 35 U.S.C. § 292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

## BACKGROUND

10. This is an action for false patent marking under Title 35, Section 292, of the United States Code concerning the articles and/or methods related to the "Low Hydrogen Embrittlement (LHE) Zn-Ni Alloy Plating" and "Zn-Ni Alloy Plating BAC 5637" products branded and distributed by Defendant.

11. The purpose of this lawsuit is to act in the public interest to enforce the policy underlying the false marking statute, 35 U.S.C. §292.

12. Defendant has violated 35 U.S.C. § 292(a) by marking unpatented articles with the purpose of deceiving the public. More specifically, Defendant, with the purpose of deceiving the public, has caused articles and/or methods related to its "Low Hydrogen Embrittlement (LHE) Zn-Ni Alloy Plating" and "Zn-Ni Alloy Plating BAC 5637" products to be marked with patent numbers that have expired.

13. Defendant produced articles and/or methods in connection with unpatented products that bear the word "patent" and/or any word or number importing that the product is patented.

14. The marking and false marking statutes exist to give the public notice of patent rights. Congress intended the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design. Federal patent policy recognizes an important public interest in permitting full and free competition in the use of ideas which are, in reality, a part of the public domain.

15. False patent marking is a serious problem. Acts of false marking deter innovation and stifle competition in the marketplace. If an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market. False marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement. False marking can cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete. Furthermore, false marking misleads the public into believing that a patentee controls the article in question (as well as like articles), externalizes the risk of error in the determination, placing it on the public rather than the manufacturer or seller of the article, and increases the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article. In each instance where it is represented that an article is patented, a member of the public desiring to participate in the market for the marked article must incur the cost of determining whether the involved patents are valid and enforceable. Failure to take on the costs of a reasonably competent search for information necessary to interpret each patent, investigation into prior art and other information bearing on the quality of the patents, and analysis thereof can result in a finding of willful infringement, which may treble the damages an infringer would

otherwise have to pay. False markings may also create a misleading impression that the falsely marked product is technologically superior to previously available ones, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

16. The false marking statute explicitly permits *qui tam* actions. By permitting members of the public to sue on behalf of the government, Congress allowed individuals to help control false marking.

17. Main Hastings, LLC, on its own behalf and on behalf of the United States, seeks an award of monetary damages of not more than $500 for each of Defendant's violations of 35 U.S.C. § 292(a), one-half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

18. Defendant did not have, and could not have had, a reasonable belief that its products were properly marked.

19. Defendant is a large, sophisticated company.

20. Defendant has, or regularly retains, legal counsel.

21. Defendant has experience applying for patents, obtaining patents, licensing patents and/or litigating in patent-related lawsuits.

22. Defendant knows that a patent expires and that an expired patent cannot protect any product.

23. Each false marking on the products identified in this Complaint is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

24. Defendant's false marking of its products has wrongfully quelled competition with respect to such products thereby causing harm to Plaintiff, the United States, and the public.

25. Defendant has wrongfully and illegally advertised patent monopolies which it does not possess and, as a result, has benefited by maintaining a substantial market share with respect to the products referenced in this Complaint.

26. Defendant marked (or caused to be marked) at least the products identified herein with the following expired patents: United States Patent Nos. 4,765,871 ("the '871 Patent") and 4,818,632 ("the '632 Patent"), and true and correct copies of each patent are attached as Exhibits "A" and "B", respectively.

27. The '871 Patent, titled "Zinc-Nickel Electroplated Article and Method for Producing the Same," was filed in the United States on July 6, 1984 and issued on August 23, 1988.

28. The '632 Patent, titled "Plated Structure Exhibiting Low Hydrogen Embrittlement" was filed in the United States on September 4, 1985 and issued on April 4, 1989.

29. Any product or method once covered by the claims of the '871 and '632 Patents is no longer protected by the patent laws of the United States. When the patents expired, the formerly protected property entered the public domain. When a patent expires, all monopoly rights in the patent terminate irrevocably and, therefore, a product marked with an expired patent is not "patented" by such expired patent.

30. Defendant knew that the '871 Patent expired, at the latest, on August 23, 2005.

31. Defendant knew that the '632 Patent expired, at the latest, on April 4, 2006.

32. Despite the fact that the claims of the patents are no longer afforded patent protection, Defendant marked (or caused to be marked) at least its articles and/or methods related to its "Low Hydrogen Embrittlement (LHE) Zn-Ni Alloy Plating" and "Zn-Ni Alloy Plating BAC 5637" products with the '871 and '632 following its expiration dates.

33. Because all monopoly rights in the '871 and '632 Patents have terminated, Defendant cannot have any reasonable belief that its "Low Hydrogen Embrittlement (LHE) Zn-

Ni Alloy Plating" and "Zn-Ni Alloy Plating BAC 5637" products are patented or covered by these patents.

34. Defendant intended to deceive the public by marking (or causing to be marked) its articles and/or methods related to its "Low Hydrogen Embrittlement (LHE) Zn-Ni Alloy Plating" and "Zn-Ni Alloy Plating BAC 5637" products with the said patents.

35. Defendant knew that its "Low Hydrogen Embrittlement (LHE) Zn-Ni Alloy Plating" and "Zn-Ni Alloy Plating BAC 5637" products were not covered by the said patents when its articles and/or methods were marked.

36. Therefore, Defendant intentionally deceived the public by labeling the articles and/or methods related to its "Low Hydrogen Embrittlement (LHE) Zn-Ni Alloy Plating" and "Zn-Ni Alloy Plating BAC 5637" products with the said patent.

**COUNT I**

**(False Marking with Expired Patents)**

37. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

38. Defendant falsely marked the articles and/or methods related to its "Low Hydrogen Embrittlement (LHE) Zn-Ni Alloy Plating" and "Zn-Ni Alloy Plating BAC 5637" products with the ’871 and ‘632 Patents which have expired. See Exhibit “C” (illustrating two separate web pages, both bearing copyright dates of 2010, and marking, affixing, and/or advertising the ‘871 and ‘632 Patents).

39. Defendant knew or reasonably should have known that marking the articles and/or methods related to its "Low Hydrogen Embrittlement (LHE) Zn-Ni Alloy Plating" and "Zn-Ni Alloy Plating BAC 5637" products with the said patents was in violation of 35 U.S.C. § 292, which only authorizes marking on a “patented” article.

40. Defendant intended to deceive the public by marking its articles and/or methods related to its "Low Hydrogen Embrittlement (LHE) Zn-Ni Alloy Plating" and "Zn-Ni Alloy Plating BAC 5637" products with the said patent.

**DAMAGES**

41. Main Hastings, LLC, on its own behalf and on behalf of the United States, seeks an award of monetary damages of not more than $500 for each of Defendant's violations of 35 U.S.C. § 292(a), one-half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

**JURY DEMAND**

42. Plaintiff demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

43. Plaintiff requests that the Court, pursuant to 35 U.S.C. § 292:

44. Enter judgment against Defendant and in favor of Plaintiff for the violations alleged in this Complaint;

45. Order Defendant to pay a civil monetary fine of $500 per false marking “offense,” one-half of which shall be paid to the United States and one-half of which shall be paid to Plaintiff;

46. Enter a judgment and order requiring Defendant to pay Plaintiff’s prejudgment and post-judgment interest on the damages awarded;

47. Order Defendant to pay Plaintiff’s costs and attorney fees; and

48. Grant Plaintiff such other and further relief as it may deem just and equitable.

Respectfully Submitted,

/s/ *Gregory P. Love*

Scott E. Stevens
Texas State Bar No. 00792024
Gregory P. Love
Texas State Bar No. 24013060
Kyle J. Nelson
Texas State Bar No. 24056031
Stevens Love
P.O. Box 3427
Longview, Texas 75606
Telephone: 903-753-6760
Facsimile: 903-753-6761
scott@stevenslove.com
greg@stevenslove.com
kyle@stevenslove.com

**ATTORNEYS FOR PLAINTIFF MAIN HASTINGS, LLC**